

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2005

# Lynch v. Vineland Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Lynch v. Vineland Bd Ed" (2005). *2005 Decisions.* Paper 1319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2022
_____

L.L.,individually and o/b/o R.H.

v.

VINELAND BOARD OF EDUCATION

LEILA LYNCH,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-00521)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
January 20, 2005

Before: Chief Judge Scirica, Alito and Smith, Circuit Judges

(Filed  April 25, 2005)

_____

OPINION

_____

PER CURIAM

    Leila Lynch appeals pro se from the order of the United States District Court for

the District of New Jersey granting summary judgment in favor of the Vineland Board of

Education and dismissing her complaint for fees and costs brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(c). For the reasons that follow, we will vacate the District Court's judgment.

Lynch's son, R.H., is a child requiring special education services in the Vineland School District. He was initially learning disabled, but an automobile accident in 1997 resulted in traumatic brain injury to R.H. In November 2002, Lynch signed an agreement to retain Tracée Edmondson as her lay advocate and consultant for the purpose of obtaining appropriate placement for R.H. and/or related services for her children. In April 2003, Lynch and Edmondson attended an I.E.P. conference at which they discussed R.H.'s classification of traumatic brain injury and emotional disturbance, the rationale for the classification, and R.H.'s progress in school. The parties agreed that R.H.'s prior neurological evaluation would be reviewed to determine whether another neuropsychological evaluation should be conducted, and that the school would perform a records review of past evaluations and update its classification rationale. On April 14, 2003, Lynch consented to an evaluation plan devised by the Vineland Public Schools providing for a neuropsychological evaluation, a psychological evaluation (including a cognitive assessment and assessment of R.H.'s social/emotional/behavioral status), and a reading specialist evaluation. Student observation would be conducted by a social worker. All other testing/evaluation would be performed by a psychologist.

For reasons not readily discernible from the record, Lynch requested a

mediation/due process hearing on May 2, 2003. The day before the scheduled mediation, the District opted not to participate, preferring instead to proceed with a due process hearing. The matter was referred to the Office of Administrative Law (OAL) and a due process hearing scheduled for September 18, 2003. The parties settled their differences on the day of the due process hearing. The settlement was reduced to writing and signed by the Administrative Law Judge (ALJ), Tracée Edmondson as Lynch's lay advocate, and the representative of the Vineland School District. The settlement provided that the District would perform a language evaluation, provide counseling for R.H.'s "academic frustration," and allow either Lynch or Edmondson to visit R.H.'s EMR class to determine the functioning levels of the other students in the class. For her part, Lynch agreed to sign a medical release for medical records relating to R.H.'s 1997 accident so that the District could determine the extent of R.H.'s traumatic brain injury, if any. Lynch also agreed to arrange for an updated eye examination for R.H. and to insure that R.H. wore his eyeglasses. Both parties agreed to schedule another I.E.P. to explore R.H.'s need for individual instruction. Lynch agreed to dismiss the action for a due process hearing upon receipt of the fully executed settlement stipulation and Order.

In February 2004, Lynch filed a motion in District Court seeking fees and costs for Edmondson's lay advocacy and consultation services. The Vineland School District moved for summary judgment claiming that Edmondson engaged in the unauthorized practice of law by preparing the motion, and that in any event, Lynch was not a

"prevailing party," and even if she was, the fees and costs requested were unreasonable. The District Court entered summary judgment for the Vineland School District based on Edmondson's alleged unauthorized practice of law. The District Court found that although Lynch represented to the Court that she had prepared the motion for fees and costs and other documents, it was Edmondson who had actually written the pleadings and other filings. The District Court noted that Edmondson had filed a "nearly identical" motion before, in her own name, allegedly on behalf of the parent who, as it turns out, had not given Edmondson permission to file anything on her behalf. See E.R. v. Vineland Bd. of Educ., Civ. A. No. 03-1121 (D.N.J. Nov. 10, 2003) (dismissing motion for fees and costs based on Edmondson's unauthorized practice of law). The District Court compared Lynch's filing with Edmondson's in E.R., and found that the motions shared the same title, the same captions and prefatory language, the same hand-drawn caption box, remarkably similar substantive paragraphs, and identical *ad damnum* provisions. The District Court concluded that the cases were too similar to be attributable to coincidence alone. Based on the foregoing, the District Court found that Edmondson engaged in the unauthorized practice of law by preparing the motion and other filings for Lynch and dismissed the action on that ground.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, which (as the District Court explained) is appropriately entered only when "there is no genuine issue as to any material fact" and

4

"the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

First, as the District Court correctly explained, Lynch has a legitimate right to seek compensation for the cost of Edmondson's educational consultation, but not for her lay advocate activities engaged on Lynch's behalf. See Arons v. New Jersey State Bd. Of Education, 842 F.2d 58 (3d Cir. 1988). But, as the District Court correctly noted, questions concerning the preparation and filing of Lynch's motion posed a threshold issue for the court that precluded it from dealing with the substantive motion itself. We find that the District Court erred, however, when it decided the threshold issue by granting summary judgment based on its own determination of a factual issue regarding a disputed allegation of the unauthorized practice of law.

Undoubtedly, there is a factual issue regarding Edmondson's alleged unauthorized practice of law in this case. The District Court treated Lynch's motion as essentially the same as the motion filed in E.R. In E.R., however, Edmondson pursued fees in her own name on behalf of the parent, and signed the motion herself. Here, the District Court had before it the parent's (Lynch's) purportedly pro se motion which may or may not have been prepared by Edmondson, a non-attorney. Edmondson did not sign her own name on Lynch's motion and there is no question that Lynch was aware of the action taken on her behalf and that she agreed to the pursuit of fees and costs for Edmondson's services. In light of the circumstances in this case, we believe that the question of Edmondson's alleged unauthorized practice of law would have been best resolved in the context of a

5

separate proceeding for injunctive relief initiated by the Court or on a motion by the appellees, not by way of a summary judgment proceeding on the underlying claim. We are by no means suggesting that an injunction is warranted in this case or that the District Court should hold such a hearing on remand. That decision is purely the District Court's to make. We simply emphasize that Edmondson's alleged error does not constitute a proper ground at summary judgment for precluding Lynch from seeking allowable fees and costs on her own.

We note a possible problem with Rule 11 of the Federal Rules of Civil Procedure that must be addressed on remand. Among other things, Rule 11 requires that in pro se cases, the pleading, written motion, or other paper "shall be signed by the party." Fed. R. Civ. P. 11(a). By signing the papers to be filed, a pro se party certifies "that to the best of the person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances," the motion or pleading is not presented to harass, or to cause unnecessary delay or needless increase in the cost of litigation, it is not frivolous, and the factual allegations or denial of factual allegations are supported on the evidence. Fed. R. Civ. P. 11(b). Violations of Rule 11(b) have consequences. After the offending party has had notice and an opportunity to be heard, the District Court may, among other things, impose monetary sanctions or issue an order directing the violating party to pay attorneys fees. Fed. R. Civ. P. 11(c).

Here, although Lynch represented that she had prepared the documents in question,

6

she was not asked, and she did not say, whether the signatures on the motion and related filings were indeed hers. We note that the signatures on the motion for fees and costs, the notice of motion, and certificate of service, appear to be markedly dissimilar to Lynch's signature on the "Agreement to Provide Consulting Services," attached as Exhibit "A" to the motion for fees and costs, and thus, the signatures on the filings arguably may not be her own.[1] Of course, it is possible that Lynch gave someone else the authority to sign her name, but that is not evident on this record. On remand, Lynch should be given the opportunity to correct the signature defect before the District Court takes any other action. Fed. R. Civ. P. 11(a).

Once the Rule 11 issue is resolved, the District Court will finally be able to consider Lynch's motion and Vineland School District's summary judgment motion on their merits. We believe that the District Court is in the best position to decide whether Lynch is a "prevailing party" under the law, and whether the fees and costs requested are reasonable and compensable. If she is a prevailing party, Lynch is prohibited from receiving fees for Edmondson's lay advocacy services, but she may receive costs for Edmondson's provision of educational consulting. See Arons, 842 F.2d at 60. "Although we appreciate the difficulty of trying to allocate between compensable time spent in consultation and noncompensable time spent in legal representation, the task is not

---

[1] Lynch's signature on the notice of appeal and accompanying papers appears to be her own.

7

insurmountable." Id. at 61; see e.g., Murphy v. Arlington Central School District Bd. Of

Education, Civ. No. 99-9294 (S.D.N.Y. July 22, 2003), 2003 WL 21694398.

For the foregoing reasons, we will vacate the District Court's judgment and

remand for further proceedings consistent with this opinion.