

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2006

# L.L. v. Vineland Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3801

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"L.L. v. Vineland Bd Ed" (2006). *2006 Decisions.* Paper 1205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-3801

_____

L. L., individually and o/b/o R.H,

v.

VINELAND BOARD OF EDUCATION

L.L.,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 04-cv-00521)
District Judge: Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: ROTH, RENDELL and AMBRO, Circuit Judges.

(Filed April 27, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Leila Lynch filed suit pro se against the Vineland Board of Education

for fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"),

20 U.S.C. § 1415(c).  Ms. Lynch had signed an agreement to retain Tracée Edmondson as

her consultant for the purpose of obtaining appropriate placement and services for her son, R.H. The parties ultimately settled their differences, and Ms. Lynch sought reimbursement as the "prevailing party" for Ms. Edmondson's services. The District Court awarded summary judgment to the school board based on Ms. Edmondson's alleged unauthorized practice of law. We vacated the judgment in L.L. v. Vineland Bd. of Education, C.A. No. 04-2022.[1]

We indicated in our opinion vacating and remanding that the question of Ms. Edmondson's alleged unauthorized practice of law was a factual one that would have best been resolved in a separate proceeding, and not by way of a summary judgment proceeding on the underlying claim. We directed the District Court to consider whether Ms. Lynch was a prevailing party, whether the fees sought by Ms. Edmondson, *as an educational consultant*, were properly payable under the principles outlined in Arons v. New Jersey State Bd. of Education, 842 F.2d 58 (3d Cir. 1988), and, in an appropriate proceeding, whether Ms. Edmondson was engaged in the illegal practice of law.

On remand, the District Court permitted limited discovery, and the depositions of Ms. Lynch and Ms. Edmondson were taken by the school board. Ms. Lynch twice moved for recusal, alleging hostility and bias on the part of the District Court. The Court denied both requests, and urged the parties to work together "in the spirit of cooperation" to get

---

[1] Inasmuch as we are writing primarily for the parties, and they are familiar with the procedural background, we will not discuss it in detail, except as may be helpful to our brief discussion.

the matter of whether Ms. Edmondson was entitled to payment for some or all of her services to Ms. Lynch resolved in an efficient manner.

A hearing was scheduled for June 21, 2005, and, on that date, the school board's attorney and several representatives of the school board appeared in court for the hearing. Neither Ms. Lynch nor Ms. Edmondson appeared. The District Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, and fixed a return date of July 20, 2005 at 10:00 a.m. In an apparent "response" to the Order to Show Cause, Ms. Lynch submitted an affidavit, in which she demanded judgment and criticized the Court.

Neither Ms. Lynch nor Ms. Edmondson appeared in Court on July 20, and Ms. Lynch did not communicate with the District Court about her failure to appear, nor did she seek an extension or continuance. In an order entered on July 21, 2005, the Court dismissed the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) on the basis that Ms. Lynch twice failed to appear for a scheduled hearing. Ms. Lynch appeals.

We have jurisdiction under 28 U.S.C. § 1291. Federal Rule of Civil Procedure 41(b) on involuntary dismissals provides that: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. Pro. 41(b). Although the rule authorizes the District Court to dismiss an action for failure to prosecute, resolution

of a case on the merits is preferred in this Circuit.  See Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984).

We review the District Court's order for abuse of discretion.  See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002).  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), we directed district courts to balance six factors in determining whether a dismissal with prejudice is an appropriate sanction for dilatory conduct.  Those six factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  Not every factor must weigh in favor of dismissal so long as most do.  See, e.g., Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

We find no abuse of discretion by the District Court in dismissing the matter under Rule 41(b).  There was no valid reason for Ms. Lynch not to show up for court on two separate occasions.  Her case was more than a year old and relatively straightforward.  In addition, it was made clear to her that the Court intended to move the case to a conclusion on the merits.  In her Informal Brief, Ms. Lynch appears to suggest that her recusal concerns justify her failure to appear, but this simply is not the case.  An adverse result on

4

a recusal motion does not, by itself, excuse a failure to appear. Instead, there are normal case related processes that may be pursued, including pursuing the issue on appeal or seeking mandamus relief.

In addition, we are unpersuaded by Ms. Lynch's financial hardship argument. A pro se litigant must bear the expense of traveling to and from court. See Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("[I]ndigent litigants bear their own litigation expenses[.]"). The sum required to attend the hearing was relatively modest.

With respect to the merits of the matter, a party prevails in an IDEA case when it achieves relief from the defendant and there is a causal connection between the litigation and the relief achieved. Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991). The District Court indicated that it would have permitted testimony from Ms. Lynch and Ms. Edmondson, and would have permitted Ms. Lynch to call whatever witnesses or introduce whatever documents she desired, in an effort to resolve the matter on the merits had she appeared for the scheduled hearing.

The Court read Ms. Lynch's and Ms. Edmondson's depositions, and reviewed the file. Based on the record as it then stood, which the Court believed could only be complete with the taking of in-court testimony, it was not clear that Ms. Lynch was the prevailing party; the school board maintained that she did not receive any relief other than what it had always been willing to provide. In any event, Ms. Edmondson's inadequately documented time records could not support all of the hours claimed or the nature of all of

5

the services rendered. Nor was there anything in the record supporting the claimed fee of $250.00 an hour.

It is insufficient to provide a district court with broad summaries of work done and hours logged. See Keenan v. City of Philadelphia, 983 F.2d 459, 473 (3d Cir. 1992) (citing National Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). In scheduling a hearing, the District Court gave Ms. Lynch the opportunity to adequately document her submissions, Keenan, 983 F.2d at 474, an opportunity she declined to pursue by failing to appear and prosecute her action.

We thus conclude that the District Court's assessment of the merits of the case, for Poulis purposes and based on the existing record, was not an abuse of discretion. Accordingly, most, if not all, of the Poulis factors weigh in favor of dismissal. We also affirm the Court's orders denying Ms. Lynch's motions for recusal. We review a district court's action on recusal, pursuant to either 28 U.S.C. § 144 or 28 U.S.C. § 455, under an abuse of discretion standard. Johnson v. Trueblood, 629 F.2d 287, 290 (3d Cir. 1980). There is no support in the record for Ms. Lynch's allegations of personal bias or prejudice either against her or in favor of the school board, and no basis upon which the District Court's impartiality might reasonably be questioned. Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (discussing applicable standards).

We will affirm the order of the District Court dismissing the action under Rule 41(b) and the orders denying the motions for recusal.